# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| RANDALL WINTER, individually and as Personal Representative of the ESTATE OF KYLE WINTER,<br><br>Plaintiff,<br>vs.<br><br>PIONEER DRILLING SERVICES, LTD, a Texas corporation; WHITING OIL AND GAS CORPORATION, a Delaware corporation; and JOHN DOES 1-5,<br><br>Defendants. | CV-14-20-GF-BMM<br><br>**MEMORANDUM AND ORDER** |

## BACKGROUND

This action arises out of an accident that occurred on January 31, 2013, at a drilling rig owned and operated by Defendant Pioneer Drilling Services, LTD (Pioneer). Plaintiff's son, Kyle Winter, was fatally injured in the accident. The drilling rig was located on a well site in North Dakota owned by Defendant Whiting Petroleum Corporation (Whiting). Heller Casing employed Kyle at the time of the accident. Whiting had hired Heller Casing, a North Dakota company, to install well casing at the well site. Plaintiff asserts claims for negligence against both Defendants, as well as claims for punitive damages.

Whiting has moved for an order declaring that North Dakota law governs the substantive issues in this case. Pioneer has joined in the motion. Plaintiff opposes the motion. Plaintiff claims that Montana law controls. The court heard oral argument on the motion on April 23, 2015. Plaintiff and Whiting submitted supplemental briefs on April 30, 2015. The motion is ripe for decision.

## **DISCUSSION**

A court presented with a choice-of-law issue first must determine whether an actual conflict exists with respect to a legal issue in the case. *See Newman v. United Fire and Casualty Company*, 995 F. Supp. 2d 1125, 1129 (D. Mont. 2014). An actual conflict of law exists when "application of the various states' laws could produce diverging outcomes on the same legal issue." *See Newmont USA Limited v. American Home Assurance Co.*, 676 F. Supp.2d 1146, 1156 (E.D. Wa. 2009). "[T]he law of the forum state applies" when no actual conflict exists between the laws of the competing states. *Newman*, 995 F. Supp. 2d at 1129.

The parties agree that conflicts exist between the laws of Montana and North Dakota with respect to several legal issues in this case. For example, North Dakota imputes the contributory negligence of the decedent to a plaintiff asserting a claim for wrongful death. Montana does not. *See Champagne v. United States*, 513 N.W. 2d 75, 81-82 (N.D. 1994); *Mickelson v. Montana Rail Link, Inc.*, 999 P.2d 985,

1003 (Mont. 2000). North Dakota limits a punitive damage recovery to two times the amount of compensatory damages, or $250,000, whichever is greater. *See* NDCC § 32-03.2-11(4). Montana caps punitive damages at $10,000,000, or 3% of a defendant's net worth, whichever is less. *See* Mont. Code Ann § 27-1-220(3). In Montana, a project owner who hires an independent contractor to perform inherently dangerous work may be vicariously liable for the injuries suffered by the contractor's employee. *See Beckman v. Butte-Silver Bow County*, 1 P.3d 348, 353-54 (Mont. 2000). No such vicarious liability exists in North Dakota. *See Branum v. Petro-Hunt Corp.*, 2010 WL 1977963 *2 (D. N.D. March 15, 2010); *Fleck v. ANG Coal Gasification Co.*, 522 N.W. 2d 445, 454 (N.D. 1994).

The Court must apply Montana's choice-of-law rules to determine the controlling substantive law. *Johnson v. Wells Fargo Home Mortgage Inc.*, 635 F.3d 401, 420 n. 16 (9th Cir. 2011) (holding that a federal court sitting in diversity must apply the choice-of-law rules of the forum state). Montana uses the "most significant relationship" test to resolve choice-of-law issues. *Phillips v. General Motors Corp.*, 995 P.2d 1002, 1006 (Mont. 2000). The most significant relationship test derives from the Restatement (Second) of Conflicts of Laws. *Id.*

Application of the "most significant relationship" test involves a multi-step process. The Court first determines whether the forum state has a statutory directive regarding choice-of-law. *Phillips*, 995 P.2d at 1008; Restatement (Second) of Conflicts of Laws, § 6. Montana has no statutory directive regarding choice-of-law. *Id*. Thus, the Court must look for guidance to the specific sections of the Restatement (Second) of Conflicts of Law that apply to personal injury and wrongful death actions – Restatement sections 146 and 175. *Id*.

Sections 146 and 175 provide that the rights and liabilities of parties to a personal injury or wrongful death action are to be determined in accordance with the law of the state where the injury occurred, unless another state has a more significant relationship with respect to the legal issues in conflict. *Id*. Kyle Winter was injured in North Dakota. It is presumed therefore that North Dakota law applies unless it can be shown that Montana has a more significant relationship to the legal issues presented.

To determine whether Montana has a more significant relationship, the Court considers the factors described in the Restatement sections 145 and 6. *Phillips*, 995 P.2d at 1008.

The Restatement § 145(2) factors consist of:

1. The place where the injury occurred;

2. The place where the conduct causing the injury occurred;

3. The domicile, residence, nationality, place of incorporation, and place of business of the parties, and

4. The place where the relationship, if any, between the parties is centered.

Id.; Restatement (Second) of Conflicts of Law § 145.

The Restatement § 6 factors focus on the interests and public policies of the competing states, such as:

1. The needs of the interstate and international systems;

2. The relevant policies of the forum;

3. The relevant policies of the interested states and the relative interests of those states in the determination of a particular issue;

4. The protection of justified expectations;

5. The basic policies underlying the particular field of law;

6. Certainty, predictability, and uniformity of result; and

7. Ease in the determination and application of the law to be applied.

*Phillips*, 995 P.2d at 1008; Restatement (Second) of Conflicts of Laws § 6.

### a. Application of the Section 145 Factors

Kyle Winter's injuries and the conduct that caused his injuries both occurred in North Dakota. Kyle was domiciled in Montana at the time of the accident. Kyle resided in North Dakota only during periods when he was working there. Neither Defendant is incorporated in North Dakota or Montana. Pioneer is a Texas corporation with its principal place of business in Texas. Whiting is a Delaware corporation with its principal place of business in Colorado. The Defendants are residents of Montana and North Dakota. Defendants conduct business in both states. Neither Defendant had a direct relationship with Kyle Winter. The Section 145 factors, considered collectively, weigh slightly in favor of North Dakota law.

      **b.**     **Application of the Section 6 Factors**

The first Section 6 factor is "the needs of the interstate and international systems." This factor concerns the interest to seek "harmonious relations between states and to facilitate commercial intercourse between them." *Phillips*, 995 P.2d at 1008-09, *citing* Restatement (Second) § 6, cmt. d. Both North Dakota and Montana follow the Restatement's "most significant relationship" test for resolving choice-of-law questions in tort cases. *See Phillips*, 995 P.2d at 1007; *Nodak Mut. Ins. Co. v. Wamsley*, 687 N.W.2d 226, 231 (N.D. 2004). This factor does not weigh for or against applying either state's substantive law. *See Phillips*, 995 P.2d at 1009.

The second and third Section 6 factors require a comparison of the competing policies of Montana and North Dakota. *Phillips*, 995 P.2d at 1009. Both Montana and North Dakota possess a strong interest in ensuring that workers are protected in the work place, and compensated fairly for work-related injuries. North Dakota also possesses a significant interest in regulating businesses that extract natural resources within its boundaries. Given that Kyle Winter was killed while working in North Dakota under the employ of a North Dakota business, the second and third Section 6 factors weigh in favor of North Dakota law.

The fourth Section 6 factor considers the justified expectations of the parties. This factor is not implicated in this case because "tort cases . . . do not involve justified expectations." *Phillips*, 995 P.2d at 1013. When parties act without giving thought to the legal consequences of their conduct or to the law to be applied, they have no justified expectations. *Id*.

The fifth Section 6 factor calls upon the court to "consider the relevant contacts in regard to the basic policies underlying the particular field of law." *Phillips*, 995 P.2d at 1014. The comments to § 6 state:

> This factor is of particular importance in situations where the policies of the interested states are largely the same but there are nevertheless minor differences between their relevant local law rules. In such instances, there is good reason for the court to apply the local law of the state which will best achieve the basic policy, or policies, underlying the particular field of law involved.

Restatement (Second) § 6(2) cmt. h.

This factor does not apply in this case because this is not a case in which the policies of the interested states are basically the same except for minor differences in their local rules. North Dakota and Montana laws differ significantly on contributory negligence, the amount of punitive damages that may be recovered, and the vicarious liability of a project owner who hires a contractor to perform inherently dangerous work.

The sixth and seventh Section 6 factors require the Court to consider the certainty, predictability and uniformity of result as well as the ease in the determination and application of the law to be applied. *Phillips*, 995 P.2d at 1014. The comments to Section 6 state, with respect to these factors, that:

> Predictability and uniformity of result are of particular importance in areas where parties are likely to give advance thought to the legal consequences of their transactions. It is partly on account of these factors that the parties are permitted within broad limits to choose the law that will determine the validity and effect of their contract . . .

Restatement (Second) § 6(2) cmt. i.

The sixth and seventh Section 6 factors are neutral. Consideration of these factors do not indicate that either state has a more significant relationship than the other. Applying the law of the place of the plaintiff's residence at the time of the

accident would not increase certainty or predictability any more than applying the law of the place of injury.  *See Phillips*, 995 P.2d at 1014.

## **CONCLUSION**

In sum, the Court finds that the substantive laws of North Dakota apply in this case.

## **ORDER**

Defendant Whiting's Motion for Declaration of Applicable Law (Doc. 30) is **GRANTED**.

DATED this 14th day of May, 2015.

_____
Brian Morris
United States District Court Judge