# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| RANDALL WINTER, individually and as Personal Representative of the ESTATE OF KYLE WINTER,<br><br>        Plaintiff,<br><br>vs.<br><br>PIONEER DRILLING SERVICES, LTD., a Texas corporation; WHITING OIL AND GAS CORPORATION, a Delaware corporation; and JOHN DOES 1–5.<br><br>        Defendants. | CV-14-20-GF-BMM-01<br><br>**ORDER DENYING DEFENDANT'S MOTION TO CERTIFY QUESTION OF LAW TO THE NORTH DAKOTA SUPREME COURT AND TO STAY TRIAL** |

## SYNOPSIS

The Court conducted a hearing on Defendant Whiting Oil and Gas Corporation's Motion to Certify Question of Law to the North Dakota Supreme Court and to Stay Trial of the Present Matter (Doc. 64) on November 23, 2015. (Doc. 75.) Whiting Oil and Gas Corporation ("Whiting") urges this Court to certify the following question of law to the North Dakota Supreme Court:

> Can Plaintiff Randall Winter, as Personal Representative of the Estate of Kyle Winter, recover damages for Kyle Winter's lost earnings or

earning capacity based on Kyle Winter's life expectancy at the time of his death?

Plaintiff Randall Winter contends that the Court should deny Whiting's motion. (Doc. 70.) The Court agrees with Whiting that North Dakota case law does not address specifically this precise issue. The Court determines that it possesses sufficient authority, however, from which to resolve this issue and that certification to the North Dakota Supreme Court proves unnecessary.

## DISCUSSION

The United States Supreme Court has approved the limited use of certified questions to state supreme courts when a federal court case involves an important question of state law which proves both unclear under state legal precedent and would be determinative in the instant case. *Virginia v. American Booksellers Ass'n*, 484 U.S. 383, 393–398 (1988).

North Dakota Rule of Appellate Procedure 47 states that the North Dakota Supreme Court has the power to answer certified questions where: (1) North Dakota law may be determinative of the proceeding before this Court; and (2) it appears to this Court that no controlling precedent exists in the decisions of the North Dakota Supreme Court. The certification procedure exists to resolve state law questions that present significant issues, including those with important public policy ramifications, and that have not yet been resolved by the state courts. *Clark*

*County Sch. Dist. v. Travelers Cas. and Sur. Co. of Am.*, 2015 WL 1578163, at *2 (D. Nev. Apr. 8, 2015).

Defendant Whiting cites an excerpt from *McKenzie Co. v. Hodel*, 467 N.W.2d 701, 704 (N.D. 1991), for its proposition that the North Dakota Supreme Court has adopted a less stringent standard for deciding when to answer certified questions from courts in other jurisdictions. (Doc. 65 at 5.) The North Dakota Supreme Court reasoned that if the certifying court remains free to speculate upon unsettled issues of North Dakota law, the parties would have no recourse in the North Dakota appellate courts. *Id*.

Federal courts have a duty to address matters of state law, however, even when that law appears unsettled. *Jung v. Gen. Cas. Co. of Wisconsin*, 651 F.3d 796, 801 (8th Cir. 2011). A federal court may consider whether law from other states proves instructive. *Kremen v. Cohen,* 325 F.3d 1035, 103738 (9th Cir.2003). The court may also consider whether certification would aid in preserving time, money, and resources. *Complaint of McLinn,* 744 F.2d 677, 681 (9th Cir. 1984). When a court decides against certification, it must make a reasonable determination of the result the highest state court would reach if it were deciding the case. *Aetna Cas. & Sur. Co. v. Sheft*, 989 F.2d 1105, 1108 (9th Cir. 1993).

The North Dakota Supreme Court applies the common law where there exists no express constitutional or statutory declaration on a subject. *Burris Carpet*

*Plus, Inc. v. Burris*, 785 N.W.2d 164, 178 (N.D. 2010). In *In re Estate of Conley,* 753 N.W.2d 384, 391–92, (N.D. 2008), the Court determined that the common law comes from various sources, including other federal and state courts. This Court possesses sufficient authority rooted in state common law from which to decide the present issue.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Certify Question of Law to the North Dakota Supreme Court and to Stay Trial of the Present Matter (Doc. 64) is DENIED.

DATED this 1st day of December, 2015.

_____
Brian Morris
United States District Court Judge